# UNITED STATES DISTRICT COURT
# FOR WESTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

JADIAN, INC.,
    *Plaintiff*,
v.

NATIONAL QUALITY ASSURANCE USA, INC.,
WILLIAM A. ALLISON, JOSEPH J. NAGEL,
    *Defendants*.

Case No. 1:17-cv-00907-RJJ-PJG

Honorable Robert J. Jonker

## COMPLAINT

Plaintiff Jadian, Inc. ("Jadian") states the following as its Complaint against Defendants National Quality Assurance USA, Inc. ("NQA"), William A. Allison ("Allison"), and Joseph J. Nagel ("Nagel") (collectively the "Defendants"):

### JURISDICTION AND VENUE

1. Jadian, Inc. is an Illinois corporation with its principal place of business in the State of Illinois.

2. NQA is a Massachusetts corporation with a principal place of business located at 4 Post Office Square, Acton, Massachusetts, 01720.

3. Allison is a resident of Michigan.

4. Nagel is a resident of Michigan.

5. The amount in controversy exceeds $75,000 exclusive of all costs, fees and interest.

6. Jurisdiction and venue and proper in this Court.

### FACTUAL BACKGROUND

7. NQA entered into a contract with Jadian Enterprises, Inc. pursuant to which Jadian Enterprises, Inc. provided licensed software to be used in NQA's business in exchange for compensation.

8. On May 9, 2014, Jadian, Inc. entered into an Asset Purchase Agreement with Jadian Enterprises, Inc.

9. Pursuant to the Asset Purchase Agreement, Jadian, Inc. assumed Jadian Enterprises, Inc.'s contract with NQA.

10. Allison and Nagel were employees of Jadian, Inc. and Jadian Enterprises, Inc.

11. As such, they were privy to confidential and protected information, including trade secrets, source code and intellectual property (collectively "Protected Information"), all belonging to the two Jadian entities.

12. On or about July 28, 2014, Nagel shared Protected Information with NQA.

13. On or about May 15, 2017, Allison shared Protected Information with NQA.

14. As a result of, and to continue the impermissible sharing or Protected Information, NQA hired Allison and Nagel.

15. NQA has used the Protected Information to copy and use Jadian, Inc.'s software and other Protected Information without compensation.

## **COUNT I - BREACH OF CONTRACT AGAINST NQA**

16. The above paragraphs are incorporated by reference.

17. NQA has failed to carry through with the obligations contained in its contract with Jadian.

18. NQA.'s conduct constitutes a breach of the contract.

19. NQA.'s breaching conduct includes, but is not limited to;

    a. failing to compensate Jadian pursuant to the Agreement;

    b. Continuing to use property of Jadian without compensation; and

    c. Misappropriating Jadian's source-code and other protected property for its own use.

20. Jadian has been damaged by NQA's breach of contract.

21. To the extent the applicable law permits, Jadian requests to recover its attorneys' fees in connection with the above counter-claims.

22. Jadian further requests the Court to award it all of its costs of court expended in this lawsuit.

### COUNT II - ACTUAL AND/OR THREATENED MISAPPROPRIATION OF TRADE SECRETS

23. The above paragraphs are incorporated by reference.

24. Pursuant to the MSA, NDA, and other applicable agreements, Defendants were entrusted with Jadian's Trade Secrets.

25. Jadian's Trade Secrets constitute trade secrets under applicable law. *See* MCL § 445.1901 *et seq.*; 18 U.S.C. § 1836, *et seq.*

26. Jadian's Trade Secrets were and are secret, Jadian derived substantial economic value from their secrecy, and Jadian's Trade Secrets have been the subject of efforts that were and are reasonable under the circumstances to protect their secrecy.

27. Defendants have misappropriated Jadian's Trade Secrets and are misusing Jadian's Trade Secrets in direct competition with Jadian.

28. At all relevant times, Defendants knew that they had acquired Jadian's Trade Secrets under circumstances giving rise to a duty to maintain their secrecy. Defendants do not have Jadian's express or implied consent to use or disclose Jadian's Trade Secrets.

29. Defendants are intentionally and willfully misappropriating Jadian's Trade Secrets in reckless disregard of Jadian's rights.

30. Jadian has been damaged by Defendants' misappropriation and misuse of Jadian's Trade Secrets.

31. Defendants have been unjustly enriched as a result of the misappropriation and

misuse of Jadian's Trade Secrets.

32. To the extent that Jadian can identify damages it has already lost as a result of Defendants' illegal conduct, Jadian is entitled to recover those monetary damages.

33. Jadian seeks judgment as hereinafter set forth.

### COUNT III - ATTORNEYS' FEES UNDER THE TRADE SECRETS ACTS

34. The above paragraphs are incorporated by reference.

35. As set forth above, Defendants have willfully and maliciously misappropriated Jadian's Trade Secrets and are misusing Jadian's Trade Secrets for their own benefit in direct competition with Jadian.

36. Jadian has incurred, and will continue to incur, attorneys' fees to enforce its rights under the relevant Trade Secrets Acts in order to protect Jadian's Trade Secrets from willful and malicious misappropriation and misuse by Defendants.

37. Accordingly, Jadian must be awarded reasonable statutory attorneys' fees in addition to damages in excess of $75,000 and a temporary, preliminary and permanent injunction.

38. Jadian seeks judgment as hereinafter set forth.

### COUNT IV - TORTIOUS INTERFERENCE WITH BUSINESS EXPECTANCY

39. The above paragraphs are incorporated by reference.

40. At all relevant times, Jadian had valuable business relationships with existing customers throughout the United States, and a reasonable expectation that those relationships will continue but for unlawful conduct by Defendants.

41. At all relevant times, Jadian has pursued and developed potential business relationships with other, prospective customers in the United States, and have a reasonable expectation that said business relationships will develop but for unlawful conduct by Defendants.

42. Defendants' conduct, as alleged herein, comprises the intentional doing of per se wrongful acts, and/or the intentional doing of other acts with malice, for the purpose of invading and interfering with Jadian's existing and prospective business relationships.

43. Upon information and belief, Defendants' conduct has interfered with Jadian's existing and prospective business relationships.

44. Defendants' conduct has resulted and will result in monetary damage to Jadian, in the form of lost business, loss of customers and goodwill, damage to business reputation, the unjust enrichment of Defendants, and Jadian's inability to market its property.

45. Jadian's damages exceed $75,000 exclusive of interest and costs, and are not fully or adequately compensable by any award of monetary damages, as alleged herein.

46. Jadian seeks judgment as hereinafter set forth.

## COUNT V - BREACH OF CONTRACT
### (Disclosure of Jadian's Trade Secrets)

47. The above paragraphs are incorporated by reference.

48. Defendants have a duty and have a continuing duty to keep confidential the Confidential Information, including Trade Secrets communicated to Defendants by Jadian.

49. Defendants have breached the foregoing duties.

50. Defendants' breaches have caused Jadian to suffer damages in excess of $75,000.

51. Defendants' breaches have also caused Jadian to suffer, and will in the future cause Jadian to suffer, irreparable harm for which Jadian cannot be adequately compensated.

52. Jadian seeks judgment as hereinafter set forth.

## COUNT VI – CONVERSION (COMMON LAW AND STATUTORY)

53. The above paragraphs are incorporated by reference.

54. Jadian is the rightful owner of the Source Code and Work Product, and at all

relevant times had a right to the Source Code and Work Product.

55. Defendants have wrongfully and without authorization assumed control, dominion and/or ownership over the Source Code and Work Product.

56. Defendants have diverted or wrongfully misappropriated the Source Code and Work Product for their own improper use.

57. As a direct and proximate result of Defendants' conversion, Jadian has suffered monetary damages to be proven at trial.

58. Jadian seeks judgment as hereinafter set forth.

### COUNT VII - UNJUST ENRICHMENT

59. The above paragraphs are incorporated by reference.

60. By improperly using the Confidential Information, Work Product, Source Code, Jadian's Trade Secrets, and other resources to misappropriate Jadian's property and business opportunities for themselves, Defendants have been unjustly enriched.

61. Defendants' retention of the benefit gained from the misappropriation of this property and business opportunities violates justice, equity and good conscience.

62. Defendants' unjust enrichment has come at the expense of Jadian.

63. Jadian seeks judgment as hereinafter set forth.

### COUNT VIII - SPECIFIC PERFORMANCE

64. The above paragraphs are incorporated by reference.

65. Jadian acted in good faith and does not have a complete and adequate remedy at law.

66. Jadian is entitled to the equitable relief of specific performance of the obligations of Defendants and the rights of Jadian as stated herein, including an order requiring Defendants to return to Jadian all Source Code and Work Product.

67. Jadian seeks judgment as hereinafter set forth.

### COUNT IX - DECLARATORY RELIEF UNDER 28 U.S.C. §2201

68. The above paragraphs are incorporated by reference.

69. As identified in the counts above, an actual controversy exists between the parties.

70. As identified in the counts above, there is a substantial controversy between the parties.

71. As identified in the counts above, the parties have adverse legal interests.

72. The adverse legal interests of the parties are of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.

73. Jadian is entitled to a declaratory judgment that:

   a. Defendants are in breach of contract by obtaining and using the Source Code and Work Product;

   b. Defendants' past and present conduct has been and is in violation of Jadian's ownership of the Confidential Information, Work Product and Source Code;

   c. Jadian possesses valuable Trade Secrets.

   d. Defendants have made and have threatened to make actual and inevitable disclosures of Jadian's Trade Secrets.

### PRAYER FOR RELIEF

For the above reasons, Jadian respectfully requests the following:

A. A temporary restraining order, preliminary and permanent injunction, providing the following:

   i. Prohibiting Defendants from using Confidential Information, Work Product and Source Code;

   ii. Prohibiting Defendants from using Confidential Information, Work

          Product and Source Code;

    iii. Prohibiting Defendants from disclosing Jadian's Trade Secrets and other confidential information to third parties;

    iv. Prohibiting Defendants from interfering with Jadian's existing and prospective business relationships.

    v. Ordering Defendants to deliver the Source Code and Work Product to Jadian.

B.     A declaration that:

    i. Defendants' past and present conduct has been and is in violation of Jadian's ownership of the Confidential Information, Work Product and Source Code;

    ii. Jadian possesses valuable Trade Secrets

    iii. Defendants have made and have threatened to make actual and inevitable disclosures of Jadian's Trade Secrets.

C. The following damages:

    i. Direct and consequential damages;

    ii. Prejudgment and post-judgment interest;

    iii. Court costs;

    iv. Exemplary, double and/or treble damages as provided by law;

    v. Attorneys' fees; and

    vi. All other relief to which they are justly entitled.

### **JURY DEMAND**

Jadian demands a trial by jury on all issues so triable.

                                            Respectfully submitted,

                                            /s/David M. Zack
                                            Marcus R. Sanborn (P69565)
                                            David M. Zack (P69944)
                                            **BLEVINS SANBORN JEZDIMIR ZACK PLC**
                                            1842 Michigan Ave.
                                            Detroit, MI 48216
                                            p & f: (313) 338-9500
                                            dzack@bsjzlaw.com

                                            *Counsel for Jadian, Inc.*

Dated: October 23, 2017

9